Craig M. Palik, Esq. (Fed Bar No. 15258)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **SWAIN LANDING LAPLATA JC, LLC,** | * | **Case No. 25-184 ELG** |
| | * | |
| Debtor. | * | **(Chapter 11)** |
| | * | |
| ****************************************** | | |
| **SWAIN LANDING LAPLATA JC, LLC,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **Adversary No. 18-00173 MMH** |
| | * | |
| **CATHERINE SWAIN** | * | |
| | * | |
| **AND** | * | |
| | * | |
| **PERCY SWAIN** | * | |
| | * | |
| Defendants. | * | |
| | * | |
| *   *   *   *   *   *   *   *   *   *   *   *   * | | |

### DEFENDANTS' CATHERINE SWAIN AND PERCY SWAINS' MOTION TO DISMISS ADVERSARY COMPLAINT AND MEMORANDUM IN SUPPORT

Defendants Catherine Swain and Percy Swain ("Defendants" or the "Swains") by and through undersigned counsel, hereby moves to dismiss the Adversary Complaint filed by Swain Landing LaPlata JC, LLC ("Plaintiff" or "Debtor") (the "Complaint") and provides the following Memorandum in Support setting forth the following reasons:

## I.   INTRODUCTION

Plaintiff filed the Complaint instituting an adversary proceeding seeking to avoid the entry of a final order of the Circuit Court for Charles County, Maryland entered on March 19, 2025, granting recission (the "Final Order") relative to an improved parcel of real estate commonly known as 10524 LaPlata Road, LaPlata, Maryland 20646 (the "Property") either as an avoidable preference under 11 U.S.C. §547, or, alternatively, as a fraudulent conveyance under 11 U.S.C. §548 of the United States Bankruptcy Code. A copy of the Final Order is attached as "**Exhibit A**."

For the reasons more fully set forth herein, the collateral attack of the Final Order in this Court is an inappropriate means of seeking federal review of a state court decision. The Rooker-Feldman doctrine, originating from the Supreme Court cases *Rooker v. Fidelity Trust Co.* (263 U.S. 413 (1923)) and *District of Columbia Court of Appeals v. Feldman* (460 U.S. 462 (1983)), prevent lower federal courts from reviewing state court judgments. In its essence, the doctrine divests federal district courts, and in this instance, the Bankruptcy Court, of subject matter jurisdiction over cases that essentially amount to appeals of state court decisions, as that power is reserved solely for the U.S. Supreme Court.

Notwithstanding the application of the Rooker-Feldman Doctrine, the Complaint fails to state a claim upon which relief can be granted pursuant Federal Rule of Civil Procedure 12(b)(6), as the transfer of the Property in question was not a result of the payment to a creditor upon an antecedent debt, or otherwise a transfer for less than reasonably equivalent value, but upon the basis of the equitable claim for relief ordered by a state court.

## II. LEGAL STANDARD

**A. Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Rooker-Feldman Doctrine**.

The case of *In re Stewart*, 473 B.R. 612, 630 (Bankr. W.D. Pa. 2012), aff'd, No. ADV 10-2654, 2013 WL 4041963 (W.D. Pa. Aug. 8, 2013), provides the legal standard for a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(1) and the Rooker Feldman Doctrine:

> The Rooker–Feldman doctrine states that federal courts, other than the U.S. Supreme Court, are prohibited "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). The jurisdictional limitations imposed by Rooker–Feldman apply not only to state court judgments entered following a trial on the merits, but can also apply to default judgments (if the judgment was inextricably intertwined with the state court adjudication). *See, e.g., Knapper v. Bankers Trust Co.,* 407 F.3d 573 (3d Cir.2005); *Stuart v. Decision One Mortgage Co., LLC* (*In re Stuart*), 367 B.R. 541 (Bankr.E.D.Pa.2007); *Holler v. Fairbanks Capital Corp. Serv. Ctr.* (*In re Holler*), 342 B.R. 212 (Bankr.W.D.Pa.2006).
>
> According to the United States Court of Appeals for the Third Circuit, there are now four elements that must be satisfied for the Rooker–Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005), the Third Circuit has stated:

> [A] federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment.... In other words, *Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

**B. Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932 (1986). The motion should be granted unless the complaint "states a plausible claim for relief." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the non-moving party's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). However, the court is not obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1979)).

A complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The complaint must present "'enough facts to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The Complaint typifies the type of pleading ripe for dismissal under Rule 12(b)(6). The Complaint in this case is devoid of any meritorious allegations that might possibly support Plaintiff's claim that an equitable award of rescission satisfies the elements of a preferential transfer under 11 U.S.C. §547 or a fraudulent conveyance §548; thus, this Complaint must be dismissed.

## III.  ARGUMENT

**A. Plaintiff's Counts I and II for Avoidable Preference (11 U.S.C. §547), and Fraudulent Conveyance (11 U.S.C. §548), Should Be Dismissed Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and the Four Elements for Satisfying the Rooker-Feldman Doctrine**

### 1. The Federal Plaintiff Lost in State Court

The Final Order, attached as Exhibit A, unequivocally establishes that the Debtor lost in state court.

### 2. The Plaintiff Complains of Injuries Caused by the State-Court Judgment

Here, Plaintiff is seeking to unwind as either an avoidable preference or a fraudulent conveyance injuries caused by the Final Order rescinding the "*January 7, 2022 agreement for the purchase of land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646*" The Final Order's determination that the "*Deed made on the 7th day of January, 2022, by and between Catherine L. Swain and Percy R. Swain, parties of the first part, Grantors, and Swain Landing LaPlata JC LLC, party of the second part, Grantee, and recorded on February 18, 2022, (Book:12397 Page: 295), is hereby stricken, and shall be deemed null and void.*"  The Final Order's determination *"that the land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646 is hereby deeded to Catherine L. Swain and Percy R. Swain, free and clear of any mortgage*" and its award of "*attorney's fees in the amount of $3,000.00.*"

### 3. The judgment was rendered before the bankruptcy case was filed

The Complaint alleges that the Final Order was entered 57 days prior to the bankruptcy filing.

### 4. The Plaintiff is Inviting the Court to Review and Reject the State Court Judgment.

5

In this case, the effect of granting the relief requested would entirely negate the state court judgment as expressed in the Final Order in its entirety. The equitable remedy of rescission would no longer be enforceable by the state court to the extent the relief of both Counts I and II were afforded, seeking to avoid the determination of the Defendants' ownership interest in Property granted as a result of the order granting rescission. In other words, the relief sought in the Complaint would necessarily be akin to the "undoing" of the state court judgment insofar as it seeks to revest title of the Property in the Debtor. Accordingly, there is no federal right that permits the avoidance of the interest in the Property where that right in the Property was already determined by the Circuit Court for Charles County Maryland and, thus, it is inextricably intertwined.

**B. Plaintiff's Counts I and II for Avoidable Preference (11 U.S.C. §547), and Fraudulent Conveyance (11 U.S.C. §548), Should Be Dismissed Pursuant to Rule 12(b)(1) for failure to state a Claim.**

The transfer of the Property was not made to or for the benefit of a creditor *for or on account of an antecedent debt owed by the debtor before such transfer was made* as is required by 11 U.S.C. §547(b)(2), but pursuant to an equitable cause of action seeking rescission that was ordered by the state Court. Under Maryland law, the rescission of a contract is simply the abrogation or unmaking of the agreement. *See Ryan v. Brady*, 34 Md. App. *41, 366 A.2d 745 (1976)*. It is intended to place the parties to such contract in *status quo*. *See Dialist Co. v. Pulford*, 42 Md. App. 173, 399 A.2d 1374 (1979). The purpose of rescission of a contract is to abrogate it *ab initio*. *Id.* As such, an order awarding rescission of a contract is wholly independent of the existence of a debtor-creditor relationship, a requirement to establish a preference.

Similarly state law rescission ordered by a state court cannot form the basis of a fraudulent conveyance. The state Court specifically ordered "rescission" of the contract, a term that has a very specific legal definition. The transfer of the Property was pursuant to an equitable cause of

6

action for rescission that was ordered by a Court seeking to return the parties to the *status quo* that existed prior to the formation of the contract. To allege that the Debtor received less than reasonably equivalent value under 11 U.S.C. §548(a)(B)(i) is tantamount to second guessing whether the state court properly effected rescission of the contract in the Final Order.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff cannot sustain its claims against Defendants. The Plaintiff's Complaint should properly be dismissed, without leave to amend.

Date: August 4, 2025                          Respectfully submitted,

                                                              McNamee, Hosea, P.A.

                                                              /s/ Craig M. Palik
                                                              Craig M. Palik, Esq.
                                                              6404 Ivy Lane, Suite 820
                                                              Greenbelt, Maryland 20770
                                                              (301) 441-2420
                                                              cpalik@mhlawyers.com
                                                              *Counsel to Catherine Swain and Percy Swain,*
                                                              *Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th of August 2025, a copy of the foregoing Motion and Memorandum in Support of Debtor's Motion to Dismiss was served on all registered to receive notices in this case electronically via this Court's CM/ECF system and via otherwise first class mail, postage pre-paid to:

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Debtor's Counsel*

                                                              /s/ Craig M. Palik
                                                              Craig M. Palik, Esq.