Craig M. Palik, Esq. (#15254)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
cpalik@mhlawyers.com
*Counsel to Catherine and Percy Swain*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| | : | **Chapter 11** |
| SWAIN LANDING LAPLATA, LLC | : | **Subchapter V** |
| | : | **Case No. 25-184 ELG** |
| Debtor. | : | |
| _____ | : | |
| | : | |
| SWAIN LANDING LAPLATA, LLC | : | |
| | : | |
| Plaintiff, | : | Adv. Proc.  25-10013 ELG |
| v. | : | |
| | : | |
| CATHERINE AND PERCY SWAIN | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT**
**TO AVOID RECISSION OF REAL ESTATE**

COMES NOW, Catherine and Percy Swain (the "Swains" or "Defendants"), by counsel, and files this answer and affirmative defenses to the Complaint (the "Complaint") filed herein by the plaintiff Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Plaintiff"), and hereby responds to the numbered paragraphs of the Complaint as follows:

**STATEMENT OF CONSENT UNDER FRBP 7008**

Defendant consents to entry of final orders or judgment by the bankruptcy court.

**ANSWER TO NUMBERED PARAGRAPHS**

1

1. The allegations of ¶1 of the Compliant refer to a court order of the Circuit Court for Charles County, Maryland, which court order speaks for itself. The allegations of ¶1 of the Compliant are otherwise denied as to any characterization inconsistent with said court order.

2. The allegations of ¶2 of the Complaint refer to a court order of the Circuit Court for Charles County, Maryland, which court order speaks for itself. The allegations of ¶2 of the Complaint are otherwise denied as to any characterization inconsistent with said court order.

3. The allegations of ¶3 of the Compliant are denied.

4. The allegations of ¶4 state legal conclusions to which no responsive pleading is required. The allegations of ¶4 of the Complaint are otherwise denied.

5. The allegations of ¶5 state legal conclusions to which no responsive pleading is required. Defendants otherwise lack sufficient information to neither admit nor deny the allegations contained in ¶5 of the of the Complaint

6. The allegations of ¶6 of the Complaint are admitted.

7. The allegations of ¶7 of the Complaint are admitted.

8. The allegations of ¶8 state legal conclusions to which no responsive pleading is required. The allegations of ¶8 of the Complaint are otherwise denied insofar as this Court lacks subject matter jurisdiction relative to the Complaint.

9. The allegations of ¶9 state legal conclusions to which no responsive pleading is required. The allegations of ¶9 of the Complaint are otherwise denied insofar as this Court lacks subject matter jurisdiction relative to the Complaint

10. The allegations of ¶10 state legal conclusions to which no responsive pleading is required. The allegations of ¶10 of the Complaint are otherwise denied insofar as this Court lacks subject matter jurisdiction relative to the Complaint.

11. The allegations of ¶11 state legal conclusions to which no responsive pleading is required. The allegations of ¶11 of the Complaint are otherwise denied insofar as this Court lacks subject matter jurisdiction relative to the Complaint

### General Allegations

12. The allegations of ¶12 of the Compliant refers to a deed recorded among the land records of the Circuit Court for Charles County, Maryland, which deed speaks for itself. The allegations of ¶12 of the Compliant are otherwise denied as to any characterization inconsistent with said deed.

13. The allegations of ¶13 of the Complaint are denied.

14. The allegations of ¶14 of the Complaint are denied.

15. The allegations of ¶15 of the Compliant refer to a promissory note, which promissory note speaks for itself. The allegations of ¶15 of the Compliant are otherwise denied as to any characterization inconsistent with said promissory note.

16. The allegations of ¶16 of the Compliant refers to a deed of trust recorded among the land records of the Circuit Court for Charles County, Maryland, which deed of trust speaks for itself. The allegations of ¶16 of the Compliant are otherwise denied as to any characterization inconsistent with said deed of trust.

17. The allegations of ¶17 of the Complaint are admitted.

18. Defendants deny any characterization pertaining to written documents referenced in ¶18 of the Complaint, and states that of any such documents speak for themselves.

19. The allegations of ¶19 state legal conclusions to which no responsive pleading is required. Defendants otherwise lack sufficient information to neither admit nor deny the allegations contained in ¶19 of the of the Complaint. Defendants further deny any

characterization pertaining to written documents referenced in ¶19 of the Complaint, and states that of any such documents speak for themselves.

20. The allegations of ¶20 state legal conclusions to which no responsive pleading is required. Defendants further deny any characterization pertaining to written documents referenced in ¶20 of the Complaint, and states that of any such documents speak for themselves.

21. The allegations of ¶21 state legal conclusions to which no responsive pleading is required. Defendants further deny any characterization pertaining to written documents referenced in ¶21 of the Complaint, and states that of any such documents speak for themselves.

22. The allegations of ¶22 state legal conclusions to which no responsive pleading is required. Defendants further deny any characterization pertaining to written documents referenced in ¶22 of the Complaint, and states that of any such documents speak for themselves.

23. The allegations of ¶23 of the Compliant are admitted.

24. The allegations of ¶24 of the Compliant are admitted.

### Count I – Avoidable Preference (11 U.S.C. §547)

25. The allegations of ¶25 of the Complaint do not require a response having been previously answered.

26. The allegations of ¶26 of the Compliant are denied.

27. The allegations of ¶27 of the Compliant are denied.

28. Defendants lack sufficient information to neither admit nor deny the allegations contained in ¶28 of the of the Complaint.

29. The allegations of ¶29 of the Compliant are admitted.

30. The allegations of ¶30 of the Compliant are denied.

**Count II – Fraudulent Conveyance (11 U.S.C. §547)**

31. The allegations of ¶31 of the Complaint do not require a response having been previously answered.

32. The allegations of ¶32 of the Compliant are denied..

33. The allegations of ¶33 of the Compliant are denied..

34. The allegations of ¶34 of the Compliant are denied..

35. Defendants lack sufficient information to neither admit nor deny the allegations contained in ¶35 of the of the Complaint.

36. Any allegation contained in the Complaint that is not expressly admitted, and which otherwise requires a response, is hereby denied.

**AFFIRMATIVE DEFENSES**

1. Defendants state that the Plaintiff's Complaint and/or the claims asserted against the Defendant are barred or limited by the failure to state a claim upon which relief may be granted.

2. Defendants state that the Plaintiff's Complaint and/or the claims asserted against the Defendant are barred or limited by the lack of subject matter jurisdiction.

3. Defendants state that the Plaintiff's Complaint and/or the claims asserted against the Defendant are barred or limited by the Rooker-Feldman doctrine.

4. The defenses of Section 547(c) the Bankruptcy Code apply to this case.

5. The defenses of Section 548(c) of the Bankruptcy Code apply to this case.

6. The transfers alleged in the Complaint are not avoidable because they were made based upon a state court judgment ordering rescission.

7. To the extent any relevant transfers were made by the Debtor, such transfers were contemporaneous exchanges for new value.

8. To the extent any relevant transfers were made by the Debtor, the Debtor was not insolvent at the time of any of the transfers or was not rendered insolvent by any of the transfers.

9. To the extent Defendant received any transfers, Debtor received reasonably equivalent value for the transfers.

WHEREFORE, Catherine and Percy Swain pray that this Honorable Court deny the relief sought by the Plaintiff herein, that this case be dismissed, and that your Defendants have such other and further relief as this Court may deem just.

Respectfully submitted,

Catherine and Percy Swain
By Counsel:

MCNAMEE HOSEA, P.A.

/s/ Craig M. Palik

_____
By: Craig M. Palik (#15254)
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpailk@mhlawyers.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September 2025, a true copy of the foregoing pleading was sent by CM/ECF to counsel to the Plaintiff and was additionally served via electronic mail upon counsel to the Plaintiff as follows:

Maurice B. Verstandig, Esq.
The Belmont Firm
1050 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20036
mac@dcbankruptcy.com

*Counsel for Plaintiff/Debtor*

                                                      /s/ Craig M. Palik
                                                      _____
                                                      Craig M. Palik