Craig M. Palik, Esq. (Fed Bar No. 15258)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **SWAIN LANDING LAPLATA JC, LLC,** | * | Case No.  25-184 ELG |
| | * | |
| Debtor. | * | (Chapter 11) |
| | * | |
| ****************************************** | | |
| **SWAIN LANDING LAPLATA JC, LLC,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Adversary No.  25-10013 ELG |
| | * | |
| **CATHERINE SWAIN** | * | |
| | * | |
| **AND** | * | |
| | * | |
| **PERCY SWAIN** | * | |
| | * | |
| Defendants. | * | |
| | * | |

### DEFENDANTS' CATHERINE SWAIN AND PERCY SWAINS' MOTION FOR SUMMARY JUDGHMENT AND MEMORANDUM IN SUPPORT

Defendants Catherine and Percy Swain (collectively the "Swains" or "Defendants"), by and through its attorneys Craig M. Palik and McNamee, Hosea, P.A., submits this motion and memorandum of law in support of its motion for summary judgment against Plaintiff, Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor" or "Plaintiff"), stating as follows:

1

## **INTRODUCTION**

Plaintiff filed the Complaint instituting an adversary proceeding seeking to avoid the effect of the entry of a final order of the Circuit Court for Charles County, Maryland entered on March 19, 2025, granting recission (the "Final Order") of an agreement for the purchase of land relative to an improved parcel of real estate commonly known as 10524 LaPlata Road, LaPlata, Maryland 20646 (the "Real Estate") either as an avoidable preference under 11 U.S.C. §547, or, alternatively, as a fraudulent conveyance under 11 U.S.C. §548 of the United States Bankruptcy Code.

For the reasons more fully set forth herein, the collateral attack of the Final Order in this Court is an inappropriate means of seeking federal review of a state court decision. The Rooker-Feldman doctrine, originating from the Supreme Court cases *Rooker v. Fidelity Trust Co.* (263 U.S. 413 (1923)) and *District of Columbia Court of Appeals v. Feldman* (460 U.S. 462 (1983)), prevents lower federal courts from reviewing state court judgments. In its essence, the doctrine divests federal district courts, and in this instance, the Bankruptcy Court, of subject matter jurisdiction over cases that essentially amount to appeals of state court decisions, as that power is reserved solely for the U.S. Supreme Court.

Notwithstanding the application of the Rooker-Feldman Doctrine, the Complaint fails as a matter of law, as the transfer of the Property in question was not a result of the payment to a creditor upon an antecedent debt, or otherwise a transfer for less than reasonably equivalent value, but upon the basis of the equitable claim for rescission ordered by a state court. The Final Order rescinds the real estate contract, and directs that the deed dated January 7th 2022, be "stricken" and "deemed null and void." Thus, the state court judgment is a determination of ownership of the Real Estate in the Swains, not a transfer of an interest of the Debtor in property that could otherwise constitute property of the Debtor's bankruptcy estate.

**FACTS NOT GENUINELY IN DISPUTE**

1. The Swains entered into a Purchase and Sale Agreement to sell the Rela Estate to the Debtor's predecessor in interest, POJO LaPlata, LLC, on October 4, 2021, as subsequently amended (the "Purchase and Sale Agreement"). A copy of the Purchase and Sale Agreement as amended is attached as "**Exhibit A**."

2. On or about January 7, 2022, the Defendants conveyed the Real Estate to the Debtor, in fee simple, pursuant to the provisions of a deed recorded amongst the land records of Charles County, Maryland, commencing at page 295 of book 12397 (the "Deed"). A copy of the Deed is attached as "**Exhibit B**."

3. At closing, the Debtor delivered cash in the amount of Three Hundred Fourteen Thousand Seven Hundred Eleven Dollars and Seventy Three Cents ($314,711.73) as reflected by a Settlement Statement. A copy of the Settlement Statement is attached as "**Exhibit C**."

4. The remainder of the purchase price was paid through a seller financing transaction, with Swain Landing executing a promissory note for One Million Two Hundred Thousand Dollars and No Cents ($1,200,000.00) (the "Promissory Note") and with the Defendants becoming the beneficiaries of a deed of trust on the Real Estate to secure the subject obligation. A copy of the Promissory Note is attached as "**Exhibit D**."

5. A deed of trust (the "Deed of Trust") securing the Promissory Note was also executed on January 7, 2022. A copy of the Promissory Note is attached as "**Exhibit E**."

6. On or about August 31, 2024, the Defendants brought suit against Swain Landing, in the Circuit Court for Charles County, Maryland (the "State Court Lawsuit").

7. The Debtor was defaulted in the State Court Lawsuit, with a final order being issued on March 19, 2025 (the "Final Order"), which provides in its entirety for the following:

**ORDERED**, that the parties' January 7, 2022[1] agreement for the purchase of land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646, is hereby rescinded; and it is further

**ORDERED**, that the Deed made on the 7th day of January, 2022, by and between Catherine L. Swain and Percy R. Swain, parties of the first part, Grantors, and Swain Landing LaPlata JC LLC, party of the second part, Grantee, and recorded on February 18, 2022, (Book:12397 Page: 295), is hereby stricken, and shall be deemed null and void; and it is further

**ORDERED**, that the Plaintiffs, Grantors, Catherine L. Swain and Percy R. Swain are hereby reinstated as the owners of land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646; and it is further

**ORDERED**, that the land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646 is hereby deeded to Catherine L. Swain and Percy R. Swain, free and clear of any mortgage; and it is further

**ORDERED**, that the Plaintiffs are hereby awarded attorney's fees in the amount of $3,000.00.

A copy of the Final Order is attached as "**Exhibit F**."

8. No timely appeal of the Final Order was taken by the Plaintiff.

9. The Final Order was thereafter recorded in the land records of Charles County, Maryland on or about April 8, 2025.

10. Swain Landing filed for relief under Chapter 11 on May 15, 2025.

11. On May 21, 2025 Swain Landing commenced the above captioned adversary proceeding by filing a "Complaint to Avoid Recission (sic) of Real Estate" (the "Complaint").

12. The Complaint contains two counts seeking to avoid the Final Order as an avoidable preference under 11 U.S.C. §547, or, alternatively, as a fraudulent conveyance under 11 U.S.C. §548.

---

[1] The Purchase and Sale Agreement was initially dated October 4, 2021, and thereafter amended.

4

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 56(b) a party against whom relief is sought may move for summary judgment on all or part of the claims. Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the court determines that the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In 1986, the United States Supreme Court clarified its position on the use of summary judgment by establishing a mechanical and substantive framework which encourages courts to use summary judgment more freely. 12 U. Haw. L. Rev. 1 (1990). The Court's landmark decisions in *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986), *Anderson*, 477 U.S. 242 (1986) and *Celotex Corp.,* 477 U.S. at 317, signaled its clear intent to reduce the number of non-meritorious claims and defenses at the pre-trial level, and to grant deference toward lower court grants of summary judgment. 37 EMORY LAW JOURNAL 171, 209 (1988).

The Court declared that motions for summary judgment should be viewed "not as a disfavored procedural shortcut" but rather as a useful tool to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp.,* 477 U.S. at 327. In *Matsushita*, the Court held that a judge hearing a defendant's motion for summary judgment should evaluate the evidence and decide whether it favors the plaintiff. 475 U.S. at 597. In so ruling, the court effectively granted trial courts the latitude to examine the plausibility of the parties' theories in

5

the case at bar, and to dismiss a party's claim if the weight of the evidence clearly favors the other party.  12 U. HAW. L. Rev. at 12.

Shortly after *Matsushita*, the Supreme Court strengthened its encouragement of summary judgment in *Anderson*.  The Court concluded that in determining whether a factual dispute should be submitted to a jury, a judge "must be guided by the substantive evidentiary standards that apply to the case." 477 U.S. at 255.  The existence of a "scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Id.* at 252.  Furthermore, the Court stated that judges must "bear in mind the actual quantum and quality of proof necessary to support liability" when ruling on the existence of a genuine issue of material fact. *Id.* at 254.  The Supreme Court's decision in *Anderson* effectively invites judges to weigh the plausibility of proffered evidence, thereby increasing the burden on the respondent to show there are material facts in dispute.

## ARGUMENT

**A. Summary Judgment is Appropriate on Plaintiff's Counts I and II for Avoidable Preference (11 U.S.C. §547), and Fraudulent Conveyance (11 U.S.C. §548) under the Rooker-Feldman Doctrine**.

The case of *In re Stewart*, 473 B.R. 612, 630 (Bankr. W.D. Pa. 2012), aff'd, No. ADV 10-2654, 2013 WL 4041963 (W.D. Pa. Aug. 8, 2013), provides the legal standard under the Rooker-Feldman Doctrine:

> The Rooker–Feldman doctrine states that federal courts, other than the U.S. Supreme Court, are prohibited "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). The jurisdictional limitations imposed by Rooker–Feldman apply not only to state court judgments entered following a trial on the merits, but can also apply to default judgments (if the judgment was inextricably intertwined with the state court adjudication). *See, e.g., Knapper v. Bankers Trust Co.,* 407 F.3d 573 (3d Cir.2005); *Stuart v. Decision One Mortgage Co., LLC* (*In re Stuart*), 367 B.R. 541 (Bankr.E.D.Pa.2007); *Holler v. Fairbanks Capital Corp. Serv. Ctr.* (*In re Holler*), 342 B.R. 212 (Bankr.W.D.Pa.2006).

>According to the United States Court of Appeals for the Third Circuit, there are now four elements that must be satisfied for the Rooker–Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

In In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005), the Third Circuit has stated:

>[A] federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment.... In other words, *Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

An analysis of the four factors set forth support below the application of the Rooker-Feldman Doctrine:

   1. **The Federal Plaintiff Lost in State Court**

The Final Order, attached as Exhibit A, unequivocally establishes that the Debtor lost in state court.

   2. **The Plaintiff Complains of Injuries Caused by the State-Court Judgment**

Here, Plaintiff is seeking to unwind as either an avoidable preference or a fraudulent conveyance injuries caused by the Final Order rescinding the "*January 7, 2022 agreement for the purchase of land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646,*" the Final Order's determination that the "*Deed made on the 7th day of January, 2022, by and between Catherine L. Swain and Percy R. Swain, parties of the first part, Grantors, and Swain Landing LaPlata JC LLC, party of the second part, Grantee, and recorded*

*on February 18, 2022, (Book:12397 Page: 295), is hereby stricken, and shall be deemed null and void,*" and the Final Order's determination "*that the land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646 is hereby deeded to Catherine L. Swain and Percy R. Swain, free and clear of any mortgage*" and its award of "*attorney's fees in the amount of $3,000.00.*"

### 3. The judgment was rendered before the bankruptcy case was filed

The Final Order was entered on April 8, 2025, 57 days prior to the bankruptcy filing on May 15, 2025.

### 4. The Plaintiff is Inviting the Court to Review and Reject the State Court Judgment.

In this case, the effect of granting the relief requested would entirely negate the state court judgment as expressed in the Final Order in its entirety. The equitable remedy of rescission of the Purchase and Sale Agreement and the striking of the Deed as null and void would be rejected and not capable of being enforced by the state court in such case. Counts I and II unequivocally and additionally seek to avoid the state court's determination of the Defendants' ownership interest in the Real Estate. In other words, the relief sought in the Complaint would necessarily be akin to a complete unwinding of the state court judgment insofar as it seeks to revest title of the Property in the Plaintiff. It would unwind the state court's ruling that the Swains own the Real Estate. In order to revest title in the Plaintiff under the Complaint it requires that the Purchase and Sale Agreement be reinstated and further requires this Court's reversal of the state court's Final Order striking the Deed. This violates the Rooker-Feldman Doctrine. Accordingly, there is no federal right that permits the avoidance of the interest in the

8

Real Estate where that right in the Real Estate was already determined by the Circuit Court for Charles County Maryland. Alternatively it is inextricably intertwined.

Unfortunately, no reported decisions can be found that directly address a bankruptcy court's ability to avoid a state court order granting the remedy of rescission relative to the Rooker-Feldman Doctrine. There are, however, decisions that are analogous to the instant case where state court judgments have determined the property interests of litigants that could not later be reversed in the context of bankruptcy proceedings (including as avoidance actions) without violating the Rooker-Feldman Doctrine. *See In re Hatcher*, 218 B.R. 441, 447–48, 32 Bankr. Ct. Dec. (CRR) 243, Bankr. L. Rep. (CCH) P 77647 (B.A.P. 8th Cir. 1998), aff'd, 175 F.3d 1024 (8th Cir. 1999); (Debtors prohibited by the Rooker-Feldman Doctrine from avoiding a real estate transaction as a fraudulent conveyance, where state court determined it was not a loan, but an actual sale and adjudging that the Debtors voluntarily sold this property to purchaser, finding purchaser, not the Debtors, was the present owner; *In re Zambre*, 306 B.R. 428, 431–32 (Bankr. D. Mass. 2004) (Debtors prohibited from avoiding judicial lien as impairing homestead exemption rights by the Rooker-Feldman Doctrine where state court previously determined that debtor wife's homestead exemption was in the nature of a fraudulent transfer and that debtors did not have any homestead exemption in the subject property); *In re Fischer*, 483 B.R. 877, 884 (Bankr. E.D. Wis. 2012) (Debtor's adversary proceeding to determine the priority of certain liens against their residence was in violation of the Rooker-Feldman Doctrine where in a pre-bankruptcy foreclosure action, a state court already decided which lien had first position).

In this case, the rescission of the Purchase and Sale Agreement and the voiding of the Deed is not factually different than the decisions cited *supra* as the state court Final Order has already determined the property interests of the parties relative to the Real Estate. The Final

9

Order determined ownership of the Real Estate was properly vested in the Swains. Rescission dictates that the transfer of the Real Estate never occurred in the first instance. For this reason, the Rooker-Feldman Doctrine prohibits this Court from negating the Final Order in any avoidance action. The Defendants are entitled to as a matter of law to summary judgment on Counts I and II.

> **B. Plaintiff's Counts I and II for Avoidable Preference (11 U.S.C. §547), and Fraudulent Conveyance (11 U.S.C. §548), Otherwise Fail as a Matter of Law.**

An element of a preference claim is that is a transfer of property made to or for the benefit of a creditor *for or on account of an antecedent debt owed by the debtor before such transfer was made* as is required by 11 U.S.C. §547(b)(2). However, the nature of the Final Order here is one of rescission. Under Maryland law, the rescission of a contract is simply the abrogation or unmaking of the agreement. *See Ryan v. Brady*, 34 Md. App. *41, 366 A.2d 745 (1976)*. It is intended to place the parties to such contract in *status quo*. *See Dialist Co. v. Pulford*, 42 Md. App. 173, 399 A.2d 1374 (1979). The purpose of rescission of a contract is to abrogate it *ab initio*. *Id.* As such, an order awarding rescission of a contract is wholly independent of the existence of a debtor-creditor relationship, a requirement to establish a preference. Rescission is also not within the meaning of a transfer under 11 U.S.C. § 101(54) as rescission voided the Purchase and Sale Agreement *ab initio*. Therefore, no transfer occurred in the first instance; it was void *ab initio*.

Similarly, state law rescission ordered by a state court cannot form the basis of a fraudulent conveyance. The state Court specifically ordered "rescission" of the Purchase and Sale Agreement a legal term that voids the transaction in question *ab initio*. The Final Order grants an equitable remedy returning the parties to the *status quo ante* that existed prior to the formation of the Purchase and Sale Agreement such that no transfer ever occurred. To allege that

10

the Debtor received less than reasonably equivalent value under 11 U.S.C. §548(a)(B)(i) is tantamount to second guessing whether the state court properly effected rescission of the Purchase and Sale Agreement and the voiding of the Deed in the Final Order.

## **CONCLUSION**

The material facts of this case are not genuinely in dispute. As such, the Swains are entitled to judgment as a matter of law in its favor and against the Debtor on all counts. A declaration of the Swains in Support of summary judgment is attached hereto as "**Exhibit G**."

Respectfully submitted,

Catherine and Percy Swain

By Counsel:

MCNAMEE HOSEA, P.A.

/s/ Craig M. Palik

_____
By: Craig M. Palik (#15254)
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpailk@mhlawyers.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January, 2026, a copy of the foregoing Motion and Memorandum in Support of Motion for Summary Judgment was filed via CM/ECF and thus served via electronic mail on:

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com

*Debtor's Counsel*

/s/ Craig M. Palik
_____

Craig M. Palik, Esq.