$1,200,000.00 USD                                                                                                            January 7, 2022

## PROMISSORY NOTE
(this "Note")

FOR VALUE RECEIVED, the undersigned, Swain Landing LaPlata JC, LLC (the "Borrower"), promises to pay to the order of Catherine and Percy Swain, as Co-Beneficiaries of the Deed of Trust dated January ___, 2022, (collectively the "Lender") at such other place as shall be designated by the holder of this promissory note (this "Note") from time to time, the principal sum of One Million Two Hundred Thousand Dollars ($1,200,000.00) (the "Principal Amount"), payable as follows:

### Article I. Terms of Payment.

1.1   *Maturity Date.* This note shall expire and be deemed to have matured and payable in full, with interest, late charges, and any other costs and expenses due on the Note as described herein, on or before October 31, 2023 (the "Maturity Date").

1.2   *Interest.* The Principal Amount shall bear interest at a fixed rate of 4% per annum, calculated yearly, not in advance.

1.3   *Payment.* Borrower shall make payments on this Note as follows:

    a.   Borrower shall make three (3) installment payments to Lender of principal and interest. The three (3) installment payments shall be made on December 15, 2022, October 31, 2023, and no later than five (5) business days after the Record Plat is approved. Payments shall be made as follows:

        i.   Borrower shall provide Lender with proof of funds for payment due by December 15, 2022 no later than November 1, 2022. $525,000 shall be payable to Lender by December 15, 2022.

        ii.   Borrower shall provide Lender with proof of funds for payment due by October 31, 2023 no later than October 1, 2023. $525,000 shall be payable to Lender by October 31, 2023.

        iii.   $150,000 shall be payable to Lender no later than five (5) business days after the Record Plat is approved.

    b.   On the Maturity Date, Borrower shall pay in full all sums due under this Note, including principal, interest, charges and fees.

Debtor0045

c. All payments made under this Note shall be made by such form of check, draft or other instrument as may be approved from time to time by Lender and shall be payable in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment. All payments made under this Note shall be applied first to late charges or other sums owed to Lender, next to accrued interest, and then to principal, or in such other order or proportion as Lender, in Lender's sole discretion, may elect from time to time.

d. Payments shall be considered received by the Lender when received at 11505 Myer Rd, Bowie, MD 20721, USA or at a location later specified by the Lender.

1.4 *Security Interest.* This Note is secured by the following security (the "Security"): 10524 La Plata Road, LaPlata, MD 20646.

a. The Borrower grants to the Lender a security interest in the Security until this Note is paid in full. The Lender will be listed as a lender on the title of the Security whether or not the Lender elects to perfect the security interest in the Security.

b. If the Borrower defaults in payment as required under this Note or after demand for ten (10) days, the Security will be immediately provided to the Lender and the Lender is granted all rights of repossession as a secured party.

1.5 *Late Charge.* If any payment due under this Note is not received by Lender within fifteen (15) calendar days after its due date, Borrower shall pay a late charge equal to five percent (5%) of the amount then due.

1.6 *Prepayment.* This Note may be prepaid in whole or in part from time to time without premium or penalty. Notwithstanding any such prepayment, partial prepayment shall not postpone the due date or modify the amount of any subsequent payment required to be made under the terms of this Note unless the Lender agrees in writing in advance of the prepayment.

**Article II. Default and Remedies.**

2.1 *Events of Default.* Each of the following shall constitute an event of default under this Note ("Event of Default"):

a. A default in the payment of any sum due under this Note.

b. A default in the performance of any of the covenants, conditions or terms of the Loan Documents.

3

2.2     *Remedies.* Upon the occurrence of an Event of Default, in addition to all other rights and remedies available to Lender under applicable law, Lender shall have the following rights and remedies:

        a.     *Acceleration.* Lender, in Lender's sole discretion and without notice or demand, may declare the entire principal balance outstanding under this Note, plus accrued interest and all other sums owed under this Note, immediately due and payable.

        b.     *Confession of Judgment.* Borrower authorizes any attorney designated by Lender or any clerk of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on this Note (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to fifteen percent (15%) of the amount due, all without prior notice or opportunity of Borrower for prior hearing, without stay of execution or right of appeal, and expressly waiving the benefit of all exemption laws and any irregularity or error in entering any such judgment. No single exercise of the power to confess judgment granted in this paragraph shall exhaust the power, regardless of whether such exercise is ruled invalid, void or voidable by any court. The power to confess judgment granted in this paragraph may be exercised from time to time as often as the holder of this Note may elect. Notwithstanding Lender's right to obtain a judgment for attorneys' fees in the amount described in this paragraph, Lender shall be entitled to collect only such attorneys' fees as are incurred by Lender in accordance with Section 2.3 of this Note.

2.3     *Expenses of Collection and Attorneys' Fees.* If this Note is referred to an attorney for collection, whether or not judgment has been confessed or suit has been filed, Borrower shall pay all of Lender's costs, fees and expenses, including reasonable attorneys' fees, resulting from such referral. Borrower intends that the provisions of this Section 2.3 shall not be merged into any judgment under this Note and shall survive every such judgment so that Borrower shall pay all costs, fees and disbursements, including reasonable attorneys' fees, incurred by Lender in connection with this Note, whether incurred before or after judgment, and including without limitation any attorneys' fees and expenses incurred by Lender in collecting on any such judgment.

**Article III. Consents and Waivers.**

3.1     *Waivers of presentment, protest, and demand.* Borrower, and any other parties to this Note, whether Lender, endorser, or guarantor, hereby waive presentment, protest and demand, notice of protest, notice of demand, notice of dishonor and notice of nonpayment hereunder.

3.2     *Jury Trial Waiver.* Borrower and Lender (by acceptance of this Note) jointly waive trial by jury in any action or proceeding to which Borrower and any holder of this Note may be parties, arising out of or in any way pertaining to this Note. It is agreed and understood that this

Exhibit D Promissory Note   Page 4 of 8

EXHIBIT D

4

waiver constitutes a waiver of trial by jury of all claims against all parties to such actions or proceedings, including claims against parties who are not parties to this Note. This waiver is knowingly, willingly and voluntarily made by Borrower, and Borrower hereby represents that no representations of fact or opinion have been made by any individual to induce this waiver of trial by jury or to in any way modify or nullify its effect. Borrower further represents that it has been represented in the signing of this Note and in the making of this waiver by independent legal counsel, selected of its own free will, and that it has had the opportunity to discuss this waiver with counsel.

### Article IV. Miscellaneous.

4.1  *Assignability.* This Note may be assigned by Lender or any holder at any time or from time to time. This Note shall inure to the benefit of and be enforceable by Lender and Lender's successors and assigns and any other person to whom Lender or any holder may grant an interest in Borrower's obligations under this Note and shall be binding and enforceable against Borrower and Borrower's personal representatives, successors and assigns.

4.2  *Negotiable Instrument.* Borrower agrees that this Note shall be deemed a negotiable instrument even if this Note would not qualify under applicable law, absent this Section, as a negotiable instrument.

4.3  *Unconditional Obligations.* Borrower's obligations under this Note shall be the absolute and unconditional duty and obligation of Borrower and shall be independent of any rights of set-off, recoupment or counterclaim which Borrower might otherwise have against the holder of this Note, and Borrower shall pay absolutely the payments of principal, interest, fees and expenses required under this Note, free of any deductions and without abatement, diminution or set-off.

4.4  *Notices.* Any notice, demand or other communication to be given hereunder (each of which is referred to herein as a "Notice") will be in writing and given by (i) hand delivery, (ii) express overnight delivery service or (iii) certified or registered mail, return receipt requested, and will be deemed to have been delivered upon (a) receipt, if hand delivered, (b) the next banking day, if delivered by express overnight delivery service, or (c) the second banking day following the day of deposit of such notice with the United States Postal Service, if sent by certified or registered mail, return receipt requested. Notices will be provided to the following addresses: if to Borrower,_____, and if to Lender, _____; or to such other address or such other person as either Borrower or Lender may from time to time hereafter specify to the other party in a Notice delivered in the manner provided above. Notwithstanding the foregoing, all Notices from Lender or other holder of this Note actually received in writing by Borrower will be considered to be effective upon the receipt thereof by Borrower regardless of the procedure or method utilized to accomplish delivery thereof to Borrower.

4.5     *Remedies Cumulative; No Waiver.* No failure or delay of Lender or other holder hereof to exercise any right or remedy pursuant to this Note (including, without limitation, any right or option to declare any amount hereunder due and payable), will affect such right or remedy or constitute a waiver of any such right or remedy. Resort to one form of remedy will not constitute a waiver of alternative remedies. No acceptance by Lender or other holder hereof of partial payment of any sum due hereunder will be deemed a waiver by Lender or other holder hereof of its rights to receive the full amount due, nor will any endorsement or statement on any check or accompanying document from Borrower be deemed an accord and satisfaction. No notice to or demand on Borrower will be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided in this Note.

4.6     *Right to Make Accommodations.* Lender or other holder hereof, without notice to or further consent of Borrower or any guarantor, and without prejudice to its rights and remedies hereunder, and without releasing, discharging, modifying, impairing, lessening, diminishing, discharging, waiving or otherwise affecting the liability of Borrower or any guarantor, may grant extensions or renewals of this Note from time to time and for any term or terms, or release, surrender, waive, add, substitute, settle, exchange, compromise, modify, extend or grant indulgences with respect to this Note or any collateral securing the loan evidenced by this Note.

4.7     *Enforceability.* Should any provision of this Note be declared or be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed to have been stricken and not to be a part of this Note.

4.8     *Time.* Time is of the essence of this Note.

4.9     *Sole Agreement.* This Note sets forth the entire agreement between the Parties for the subject matter contained herein. No other agreements regarding this Note exist other than those specifically set forth herein, or if such agreements do exist, are hereby waived. This Note fully supersedes any and all prior agreements or understandings, whether written or oral, between the Parties pertaining to the subject matter hereof. This Note may not be modified or amended except in writing, signed and executed by the Parties.

4.10    *Counterparts.* This Note may be executed in one or more counterparts, each of which shall be deemed an original, effective as of the date first written above. For the purposes of this Note, electronic signatures shall be deemed to be the Parties' valid and binding signatures.

4.11    *Further Assurances.* The Parties agree to execute, acknowledge, seal and deliver such further assurances, instruments and documents, and to take such further actions, as the other Party may request, in order to fulfill the terms of this Note.

4.12   *Rules of Construction.* This Note shall in all respects be interpreted, enforced, and governed under the laws of the State of Maryland. The enumeration and headings of the sections of this Note are merely for convenience of reference and do not constitute representations or warranties, do not impose any obligations whatever and have no substantive significance. Unless the context otherwise requires, whenever used in this Note the singular will include the plural, the plural will include the singular, and the masculine gender will include the feminine and non-binary gender and vice versa. This Note will be construed without the aid of any canon, custom or rule of law requiring construction against the draftsman, and this Note will be construed reasonably to carry out its intent without presumption against or in favor of either party. Any reference to any section, subsection, paragraph or subparagraph will, unless therein expressly indicated to the contrary, be deemed to have been made to such part of this Note. The term "Note" when referred to herein in the context of "this Note" means this Note, as may be further amended, restated, modified, extended or renewed. Any reference in this Note to a "person" means any individual, corporation, partnership, limited liability company, joint venture, association, estate, trustee, or other legal entity.

4.13   *Computation of Days.* As used in this Note, the term "days" shall mean consecutive calendar days, including Saturdays, Sundays, and holidays, whether federal, state, local or religious. A day shall be measured from 12:00:00 a.m. to and including 11:59:59 p.m. in the Eastern Time Zone. For the purposes of calculating days, the count of "days" shall begin on the day following the day upon which any act or notice as provided in this Note was required to be performed or made.

EXECUTED as of the date of the last signature below, with the express intention that this Note be a sealed instrument.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal

*[Signatories and Notarizations on Next Two (2) Pages]*

7

## Borrower's Signature and Notarization

_____   1-7-2022
Michael Postal                    Date
Managing Member of Swain Landing LaPlata JC, LLC

STATE OF MARYLAND, Anne Arundel COUNTY, to wit:

I HEREBY CERTIFY, that on this 7TH day of January in the year Two Thousand and Twenty-Two (2022), before me, the subscriber, a Notary Public of the State aforesaid, personally appeared Michael Postal, Managing Member of Swain Landing LaPlata JC, LLC, Borrower, and that such individual, in such capacity and being authorized to do so, executed the foregoing and annexed instrument for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: 3/24/22

BRANDY M. FRAZEE
NOTARY PUBLIC
ANNE ARUNDEL COUNTY
MARYLAND
MY COMMISSION EXPIRES MARCH 24, 2022

*[Lender Notarizations on Next Page]*

Debtor0051

## Lenders' Signatures and Notarizations

_Catherine Swain_ — Signature  
Catherine Swain  
Date: 1/7/2022

_Percy Swain_ — Signature  
Percy Swain  
Date: 1-7-2022

**STATE OF MARYLAND, Anne Arundel COUNTY, to wit:**

I HEREBY CERTIFY, that on this 7TH day of January in the year Two Thousand and Twenty-Two (2022), before me, the subscriber, a Notary Public of the State aforesaid, personally appeared Catherine Swain, Lender, and that such individual, in such capacity and being authorized to do so, executed the foregoing and annexed instrument for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Brandy Frazee  
Notary Public

My Commission Expires: 3/24/22

> BRANDY M. FRAZEE  
> NOTARY PUBLIC  
> ANNE ARUNDEL COUNTY  
> MARYLAND  
> MY COMMISSION EXPIRES MARCH 24, 2022

**STATE OF MARYLAND, Anne Arundel COUNTY, to wit:**

I HEREBY CERTIFY, that on this 7TH day of January in the year Two Thousand and Twenty-Two (2022), before me, the subscriber, a Notary Public of the State aforesaid, personally appeared Percy Swain, Lender, and that such individual, in such capacity and being authorized to do so, executed the foregoing and annexed instrument for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Brandy Frazee  
Notary Public

My Commission Expires: 3/24/22

> BRANDY M. FRAZEE  
> NOTARY PUBLIC  
> ANNE ARUNDEL COUNTY  
> MARYLAND  
> MY COMMISSION EXPIRES MARCH 24, 2022