Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-184-ELG |
| | ) | (Chapter 11) |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Swain Landing LaPlata JC, LLC | ) | Adv. Case No. 25-10013-ELG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Catherine Swain and Percy Swain | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO DEFENDANTS CATHERINE SWAIN
AND PERCY SWAIN'S MOTION FOR SUMMARY JUDGMENT
AND REQUST FOR NONMOVANT JUDGMENT ON PREFERENCE CLAIM**

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing," the "Debtor" or the "Plaintiff"), by and through undersigned counsel, in opposition to the motion for summary judgment (the "Motion"), DE #18, filed by Catherine Swain and Percy Swain (the "Swains" or "Defendants"), and in support of a request for judgment in favor of the nonmovant Debtor on Count I of the complaint (the "Complaint"), DE #1, states as follows:

1

## I.    Introduction

The Debtor is not asking this Honorable Court to review the merits, *vel non*, of any state court judgment. This case is not an appeal from the Circuit Court for Charles County, Maryland (the "State Court"). Nor is this case one in which reconsideration is sought of any order of the State Court. This case is, rather, founded upon the wholly innocuous proposition that a judgment— whether from a federal, state or tribal court—may be avoided under the dictates of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") where, as here, the judgment serves to effectuate a conveyance of property that constitutes either a preference or a fraudulent conveyance.

The crux of the Motion is an assertion that the doctrine announced by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U. S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U. S. 462 (1983) (the "*Rooker-Feldman* doctrine") bars relief from being afforded in this case. To the contrary, however, the avoidance of a judgment is not a merits-based review of the subject final order, tantamount to an appeal, but, rather, the objective recognition that (i) a judgment is simply one of myriad means through which a transfer of property may be accomplished and (ii) the Bankruptcy Code allows such transfers to be unwound where certain statutory criteria are satisfied.

Equally, that the judgment in question in this case is one of recission is immaterial. The Defendants did not seek to foreclose in the State Court (which, no doubt, would have invited a different factual paradigm in bankruptcy, *see Bfp v. Resolution Tr. Corp.*, 511 U.S. 531 (1994)); the Defendants elected to seek recission. In so doing, they obtained a judgment through which no market-based sale was effectuated. They may well believe such was an apt and appropriate remedy, and they may well have convinced a state court judge of such. Yet the adequacy of a remedy in another court ought not be conflated with reasonable equivalence of value or a judicial

2

determination of the disbursements that would be made in a hypothetical chapter 7 case. And efforts to urge otherwise are thusly misplaced.

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

## II.    Lack of Disputed Facts

The Debtor does not take issue with any of the factual assertions set forth in the Motion. *See* Motion, DE #18, at pp. 3-4, ¶¶ 1-12. The Debor does, however, respectfully urge the word "recission" maintains the indicated archaic spelling under Maryland case law, *see Maslow v. Vanguri*, 896 A.2d 408, 421 (Md. App. 2006), alongside District of Columbia Circuit precedent, *see CP Anchorage Hotel 2, LLC v. NLRB,* 98 F.4th 314, 324 (D.C. Cir. 2024), was thusly properly spelled in the title of the complaint in this case, *see* Complaint, DE #1, at p. 1, and accordingly ought not be accompanied by a notation of "sic" in the factual recitation, *see* Motion, DE #18, at p. 4, ¶ 11.

## III.    Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable by Federal Rules of Bankruptcy Procedure 7056. While the applicable bankruptcy rule does add certain criteria to the correlative rule of civil procedure, *see* Fed. R. Bankr. P. 7056, the Debtor agrees those added criteria are immaterial in light of the timely nature of the Motion *sub judice*.

Relevantly, summary judgment is to be afforded ". . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Absent such a showing, summary judgment is to be denied, and "a plaintiff need not establish or prove any elements—by a preponderance or otherwise—to survive summary judgment." *Ames v. Ohio Dep't of Youth Servs*., 605 U.S. 303, 322 (2025) (Thomas, J., concurring)

(quoting *Hittle v. City of Stockton*, 145 S. Ct. 759, 761 (2025) (Thomas,. J., dissenting) (slip opinion)).

Equally relevantly, where—as here—only one party moves for summary judgment, the Federal Rules of Civil Procedure nonetheless permit judgment to be entered in favor of the nonmoving party "[a]fter giving notice and a reasonable time to respond. . ." Fed. R. Civ. P. 56(f).

## IV.   Argument

### a.  The *Rooker-Feldman* Doctrine is Inapplicable to Chapter 5 Claims

The Swains' first—and lengthier—contention is that the State Court's final order cannot be avoided under section 547 or section 548 of the Bankruptcy Code because such would run afoul of the *Rooker-Feldman* doctrine. Problematically, however, this argument conflates forbade collateral attacks on the merits of a state court judgment with permissible efforts to statutorily avoid state court judgments. The former is, no doubt, beyond the realm of chapter 5 of the Bankruptcy Code; the latter is part and parcel of a bankruptcy court's statutory charge.

As a starting point, the *Rooker-Feldman* doctrine is a byproduct of the fact "that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, and now by 28 U.S.C. § 1257, exclusively in [the Supreme Court]." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (citing 1 Stat 85; 28 U.S.C. § 1257).

This Honorable Court has previously acknowledged the critical distinction between seeking appellate review of state court judgments and applying the tools of the Bankruptcy Code. The issue was directly addressed in a 2019 case where a chapter 13 debtor lost property to foreclosure pre-petition and then, somewhat stunningly, also lost almost $48,000.00 in foreclosure surplus funds because she and her son refused to vacate the premises and thereby exposed themselves to a holdover rent claim in favor of the foreclosure purchaser. *Johnson v. 408*

4

*Richwood, LLC (In re Johnson)*, 2019 Bankr. LEXIS 2947, at *1-3 (Bankr. D.D.C. Sep. 20, 2019).

The debtor thereafter sought bankruptcy relief and sued to avoid the judgment awarding surplus

foreclosure proceeds to the foreclosure purchaser. *Id.* at *4. While a motion to dismiss that suit

was ultimately granted on fact-specific grounds related to the debtor's inability to plead an

entitlement to relief, Judge Teel expressly rejected invocation of the *Rooker-Feldman* doctrine:

> The debtor's preference claim is not barred by the *Rooker-Feldman* doctrine: there
> is no need to review the Superior Court's decision to decide whether the transfer is
> a preference. Similarly, there are no issues that have been decided by the Superior
> Court that would preclude the court, by reason of collateral estoppel, from deciding
> whether the elements of a preference exist here.

*Id.* at *14-15.

Nor is *Johnson* an outlier. Other courts have held, seemingly uniformly, that the *Rooker-*

*Feldman* doctrine is not a bar to the bringing of chapter 5 claims because such causes of action are

not efforts to seek appellate review of the merits, *vel non*, of a state court judgment but, rather, the

mere exercise of powers expressly enumerated in the Bankruptcy Code. As explained by the

United States Court of Appeals for the Ninth Circuit:

> The *Rooker-Feldman* doctrine has little or no application to bankruptcy
> proceedings that invoke substantive rights under the Bankruptcy Code or that, by
> their nature, could arise only in the context of a federal bankruptcy case. In the
> exercise of federal bankruptcy power, bankruptcy courts may avoid state judgments
> in core bankruptcy proceedings, may modify judgments, and, of primary
> importance in this context, may discharge them.

*Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 871 (9th Cir. 2005) (citing *Gruntz v. County of*

*Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079 (9th Cir. 2000); 11 U.S.C. §§ 544, 547-549; 727;

1129; 1141; 1325; 1328). *See also In re S-Tek 1, LLC*, 625 B.R. 519, 525 (Bankr. D.N.M. 2020)

("Although Rooker-Feldman prevents federal courts from in effect acting as an appellate court to

review the merits of or to modify a state court judgment or order, it does not apply to override the

authority of bankruptcy courts to apply provisions of the Bankruptcy Code that affect state court

5

judgments."); *In re Miller*, 2009 Bankr. LEXIS 3351, at *11 (Bankr. D. Mass. Oct. 16, 2009) ("The *Rooker-Feldman* doctrine is not applicable to Miller's adversary proceeding because Miller does not, as required by the doctrine, invite this Court's review and rejection of the state court judgment. Miller's argument in the adversary proceeding is not that the state court judgment was incorrect. Rather, her argument is that the state court judgment is avoidable as a fraudulent transfer under § 548 of the Bankruptcy Code. This Court's adjudication of Miller's § 548 fraudulent transfer claim, in which she alleges that her state court claims were fraudulently transferred through the agreement for entry of judgment in the action, does not amount to an appeal of the state court in violation of the Rooker-Feldman doctrine.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); 11 U.S.C. § 548); *Funches v. Household Fin. Consumer Disc. Co. (In re Funches)*, 381 B.R. 471, 484 (Bankr. E.D. Pa. 2008) ("*Rooker-Feldman* has never had much impact in bankruptcy cases. Congress' power under Article I of the Constitution to enact uniform bankruptcy laws such as the Bankruptcy Code necessarily means that state court judgments will be treated differently, with less or even no effect, then they would be treated in state court. This is not regarded as 'second-guessing' the merits decided by the state court, which is all that *Rooker-Feldman* seeks to prevent. It is merely a necessary incident of enforcing the provisions on the Bankruptcy Code.") (quoting *In re Ehmke*, 2006 U.S. Dist. LEXIS 47995, 2006 WL 1994904 at *5 (E.D.N.Y. July 14, 2006)).

Critically, the Debtor is not asserting the Circuit Court for Charles County, Maryland to have legally erred in entering the recission judgment. To the contrary, the underlying merits (or lack thereof) of that judgment are not in any way implicated by this case. Rather, the Debtor is simply asserting that the final order of the State Court effectuated a transfer of property that, under the rigors of section 547 and section 548 of the Bankruptcy Code, is avoidable in nature.

To be sure, the Motion does an ample job summarizing the *Rooker-Feldman* doctrine and discussing the elements thereof. *See* Motion, DE #18, at § A. And the Debtor agrees that (i) the Debtor lost in the State Court, *id.* at § A(1); (ii) the Debtor herein complains of injuries occasioned by the State Court judgment, *id.* at § A(2) (albeit with there being a minor distinction between the traditional verbiage of "injuries" and entitlements to relief under chapter 5 of the Bankruptcy Code, especially since a section 547 claim does not require a showing of any injury to a debtor); and (iii) the State Court's judgment was entered—and, indeed, became final—before this bankruptcy case was commenced, *id.* at § A(3).

What the Motion misses, however, is that the Debtor is *not* "Inviting the Court to Review and Reject the State Court Judgment." *Id.* at § A(4). Whether or not recission was an appropriate remedy, at Maryland common law, is wholly immaterial to whether or not the resultant recission constitutes a preference or a fraudulent conveyance. Much as with the debtor in *Miller*, the Debtor in this case is expounding an "argument in the adversary proceeding . . . not that the state court judgment was incorrect. Rather, [the Debtor's] argument is that the state court judgment is avoidable as a fraudulent transfer under § 548 of the Bankruptcy Code." *In re Miller*, 2009 Bankr. LEXIS 3351, at *11 (the word "is" has been replaced with an ellipses for readability only).

This was key to resolution of the Defendants' motion to dismiss, DE #5, and this is, too, key to resolution of the instant Motion. This Honorable Court is not being asked to pass judgment on the merits of the State Court's final judgment, the wisdom of the State Court's ruling, or even the fidelity of the State Court judge to the doctrine of recission. If that were being asked, the Debtor would—no doubt—be loudly pronouncing the legal folly of a recission judgment that does not require a return of monies previously paid to the Swains. Rather, the Debtor is simply noting that a recission judgment—as with any other transaction satisfying statutory criteria—may be subject

to avoidance. And the applicable criteria of avoidance are twice present in this case, once as a preference and once as a fraudulent conveyance.

### b. The Debtor's Claims Do Not Fail as a Matter of Law and Judgment Should be Entered on the Avoidable Preference Claim in Favor of the Nonmovant

The Swains' second contention is that this case fails as a matter of law, because the Debtor seeks to *de facto* unwind an order of the State Court. They posit recission to be foreign to the definition of "transfer" and, ergo, a remedy uniquely beyond the avoidance powers of chapter 5.[1] In so asserting, however, the Defendants are in error. And because their topical argument—which is the only merits-based defense to the claims of the Debtor herein—is in such error, while their recitation of facts leaves nothing to dispute, it is appropriate to adhere to the allowances of Rule 56(f) and enter judgment in favor of the Debtor on Count I of the Complaint, seeking avoidance of a preferential transfer.

### i. Avoidable Preference

Section 547 of the Bankruptcy Code is, somewhat notoriously, one of the few (if any) federal statutory provisions, outside of title 26, that demands purely innocent persons part way with property they have lawfully and properly received. An avoidance action is not a claim in tort, is not a punitive measure, and is not intended to deter wrongful conduct. An avoidance action, rather, is a mere recognition that the underlying purposes of bankruptcy may be frustrated by pre-petition actions that place one or more creditors in situations preferable to those of other creditors.

To prevail on a claim for avoidance of a preferential transfer, a debtor-in-possession must show that there existed a transfer of property:

---

[1] The contention that recission is not a transfer, Motion, DE #18, at § B, appears to be facially errant. The Bankruptcy Code plainly provides a "transfer" is "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54)(D). Plainly, the State Court judgment in this case caused the Debtor to directly, absolutely, and involuntarily part with property.

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made— (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if— (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).[2]

Here, the Swains were creditors of the Debtor, as the holders of a $1.2 million promissory note on which the Debtor was obligated. *See* Motion, DE #18, at p. 3, ¶ 4. Similarly, this debt was antecedent in nature, with the promissory note having matured on October 31, 2023, *id.* at Exhibit D, and the State Court judgment having not been entered until March 19, 2025, *id.* at Exhibit F.

The Debtor is statutorily presumed to have been insolvent on the date of the State Court judgment, insofar as the judgment was entered within 90 days of the petition date. *See* 11 U.S.C. § 547(f) ("For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.").

Similarly, the State Court entered judgment within 90 days of the Debtor seeking bankruptcy relief. *See* Motion, DE #18, at pp. 3-4, ¶¶ 7, 9-10.

And since the Swains were able to regain the Property without having to repay the $314,711.73 they had already received, *id.* at p. 4, ¶ 3, the judgment allowed the Swains to come out well better than would have if the judgment had not been entered and a chapter 7 case had first

---

[2] There are certain statutory exceptions to these elements. 11 U.S.C. § 547(c). Insofar as the Swains do not assert any such exception to be applicable, none are discussed herein.

been filed. In a chapter 7 case, the Swains would have been only received the proceeds of a sale of the Property *less* the monies they were already paid; through the State Court judgment, the Swains received the full value of the Property *plus* the monies they were already paid.

The Motion suggests that none of this matters because ". . . an order awarding rescission of a contract is wholly independent of the existence of a debtor-creditor relationship, a requirement to establish a preference." Motion, DE #18, at § B. In so asserting, however, the Defendants overlook that the remedy of rescission is foundationally premised upon a contract having been breached in the first instance or, at minimum, a contractual obligation remaining extant and unfulfilled: "Where . . . there has been a material breach of a contract by one party, the other party has a right to rescind it." *Wash. Homes, Inc. v. Interstate Land Dev. Co.*, 382 A.2d 555, 563 (Md. 1978) (quoting *Plitt v. McMillan*, 223 A. 2d 772 (Md. 1966); citing *Foster-Porter Ent'prises v. De Mare*, 81 A. 2d 325 (Md. 1951); *Vincent v. Palmer*, 19 A. 2d 183 (Md. 1941); *Ady v. Jenkins*, 104 A. 178 (Md. 1918)).

To be sure, the Swains would not have been entitled to the equitable remedy of rescission *but for* the fact that they were creditors of the Debtor. And it thusly stands to reason that their receipt of such equitable relief was not, as they urge, "independent of the existence of a debtor-creditor relationship," but, rather, elementally reliant upon the existence of a debtor-creditor relationship. Or, stated more simply, if the Debtor was not in breach of the promissory note held by the Swains, there is no cognizable legal theory upon which the Swains would have been able to obtain rescission of the real estate transaction.

Perhaps more importantly, though, the *bona fides* of the state court judgment are irrelevant—for the precise reasons observed by the Swains in their invocation of the *Rooker-Feldman* doctrine. Section 547 of the Bankruptcy Code does not contain an exception for property

10

losses occasioned by equitable decrees any more than it contains an exception for property losses occasioned by legal decrees. The sole pertinent inquiries are those set forth *supra*, and the facts of this case—as alleged by the Swains in the Motion itself—show the Debtor is entitled to judgment as a matter of law under Rule 56(f).

### ii.  Fraudulent Conveyance

The Motion next suggests a state court recission judgment necessarily furnishes reasonably equivalent value and cannot be second-guessed without running afoul of the *Rooker-Feldman* doctrine. In so arguing, however, the Defendants miss that just because a state court deemed something *equitable* does not mean a state court viewed the remedy as conferring value of any equivalence—much less reasonable equivalence.

The Bankruptcy Code allows a debtor-in-possession to avoid a constructively fraudulent conveyance if (i) the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation," 11 U.S.C. § 548(a)(1)(B)(i); and (ii) a debtor was insolvent at the time of the exchange, 11 U.S.C. § 548(a)(1)(B)(ii)(II).

In assessing whether or not a transaction conferred reasonably equivalent value, such is a question to be determined by a trier of fact, not one determinable as a matter of law. *See, e.g.*, *Alberts v. HCA Inc. (In re Greater Se. Cmty. Hosp. Corp.)*, 2007 Bankr. LEXIS 6, at *28 (Bankr. D.D.C. Jan. 2, 2007) ("The court agrees with the Defendants that 'in the analysis of reasonably equivalent value it is necessary to keep in mind that 'reasonably equivalent value is a question of fact that must be evaluated as of the date of the transaction.'") (quoting *Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer (In re Jumer's Castle Lodge, Inc.)*, 329 B.R. 837, 845 (Bankr. C.D. Ill. 2005) (quoting *Daley v. Chang (In re Joy Recovery Tech. Corp.)*, 286 B.R. 54, 75 (Bankr. N.D. Ill. 2002))). *See also Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 196 F. App'x 337,

11

341 (6th Cir. 2006) ("Here, the only element in dispute is whether Wilkinson received reasonably equivalent value in exchange for the payment to Wiley. This is a question of fact.") (citing *In re Humble*, 19 F. App'x. 198, 200 (6th Cir. 2001); *In re Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003); *In re Image Worldwide, Ltd.*, 139 F.3d 574, 576 (7th Cir. 1998)); *Doeling v. O'Neill (In re O'Neill)*, 550 B.R. 482, 509 (Bankr. D.N.D. 2016) ("Whether a transfer is made for reasonably equivalent value is a question of fact.") (citing *Meeks v. Don Howard Charitable Remainder Trust (In re S. Health Care of Ark., Inc.)*, 309 B.R. 314, 319 (B.A.P. 8th Cir. 2004) (citing *Jacoway v. Anderson (In re Ozark Rest. Equip. Co.)*, 850 F.2d 342, 344 (8th Cir. 1988))); *Ahlgren v. Dailey (In re Schnoor)*, 510 B.R. 868, 874 (Bankr. D. Minn. 2014) ("Whether a transfer is made for reasonably equivalent value is a question of fact.") (citing *Lindquist v. JNG Corp. (In re Lindell)*, 334 B.R. 249, 253 (Bankr. D. Minn. 2005) (citing *Jacoway*, 850 F.2d at 344)); *Quinn v. Elite Custom Transporters & Motorcoaches, LLC*, 2011 U.S. Dist. LEXIS 52362, at *16 (D. Minn. May 16, 2011) ("Whether a party received reasonably equivalent value is a question of fact. 'The court must consider all aspects of the transaction and 'carefully measure the value of all benefits and burdens to the debtor.' '") (citing *Jacoway*, 850 F.2d at 344; quoting *United States v. Spencer*, 2005 U.S. Dist. LEXIS 28257, 2005 WL 2648688, at *3 (D. Minn. Oct. 17, 2005)); *Tex. Truck Ins. Agency v. Cure (In re Dunham)*, 110 F.3d 286, 289 (5th Cir. 1997) (". . . the question of 'whether fair consideration [now 'reasonably equivalent value'] has been given for a transfer is 'largely a question of fact, as to which considerable latitude must be allowed to the trier of the facts.' '") (quoting *Mayo v. Pioneer Bank & Tr. Co*., 270 F.2d 823 (5th Cir. 1959) (quoting Collier's Bankruptcy Manual (Oglebay, Kelliher and Newkirk) (1948), p. 845))

Notably, an equitable award of recission *is* not a finding of reasonably equivalent value. Such an award, rather, is merely an effort to afford relief to a party whose contractual rights have

been violated. *Wash. Homes*, 382 A.2d at 563. If the sales contract for the Property had been unequal in the first instance, allowing Swain Landing a steep discount against market value or permitting the Defendants a hefty premium over market value, an award of equitable recission would not cure this disparity. Recission does not require a finding of equal value or level footing; recission is simply a remedy premised upon a contractual breach having occurred. And such is all-the-truer where, as here, a recission judgment somehow omits the normative counter-obligation of requiring monies be returned to the purchaser.

The Debtor does *not* seek entry of a Rule 56(f) judgment on this cause of action but, nonetheless, does note that entry of a Ruler 56(f) judgment on the preference claim would moot Count II of the Complaint in this case insofar as Swain Landing cannot much twice avoid the same judgment.

## V.    Conclusion

WHEREFORE, Swain Landing respectfully prays this Honorable Court (i) deny the Motion; (ii) enter judgment for Swain Landing, and against the Swains, on the claim for avoidance of a preference under section 547 of the Bankruptcy Code, pursuant to Federal Rule of Civil procedure 56(f); (iii) upon granting judgment for the Debtor on the preference claim—and only upon granting such judgment—dismiss Count II of the complaint as no longer furnishing a justiciable case or controversy; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

13

Respectfully submitted,

Dated: March 1, 2026          By:    /s/ Maurice B. VerStandig
                                     Maurice B. VerStandig, Esq.
                                     Bar No. MD18071
                                     The Belmont Firm
                                     1050 Connecticut Avenue, NW
                                     Suite 500
                                     Washington, DC 20036
                                     Phone: (202) 991-1101
                                     mac@dcbankruptcy.com
                                     *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

                                     /s/ Maurice B. VerStandig
                                     Maurice B. VerStandig