Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-184-ELG |
| | ) | (Chapter 11) |
| Swain Landing LaPlata JC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Swain Landing LaPlata JC, LLC | ) | Adv. Case No. 25-10013-ELG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Catherine Swain and Percy Swain | ) | |
| | ) | |
| Defendants. | ) | |

**FURTHER BRIEFING ON ISSUES
RAISED DURING SUMMARY JUDGMENT HEARING**

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing," the "Debtor" or the "Plaintiff"), by and through undersigned counsel, in furtherance of arguments raised—and questions interposed by this Honorable Court—during a hearing on the motion for summary judgment (the "Motion"), DE #18, filed by Catherine Swain and Percy Swain (the "Swains" or "Defendants"), and notes as follows:

1

## I.      Introduction

Ninety days before petitioning for bankruptcy relief, Swain Landing owned the real estate commonly known as 10524 LaPlata Road, La Plata, Maryland 20646 (the "Property"). When an order for relief was entered in this case, Swain Landing no longer owned the Property. The question instantly before this Honorable Court is whether the facts and circumstances giving rise to that intervening change may constitute an avoidable preference under title 11 of the United States Code (the "Bankruptcy Code"). Because the intervening change is directly—and solely—attributable to a then-antecedent debt owed by Swain Landing, and because the change occurred on account of a judgment effectuating a transfer of the Property, the question should be answered in the affirmative.

There is, no doubt, some messiness about the instant issue. That messiness is attributable, almost entirely, to the seeming nonchalance and sloppiness with which a state court order (the "State Court Order") was prepared. The State Court Order has a glaring blank where a date ought to be inserted (but is dated elsewhere). The State Court Order misspells "La Plata, Maryland," by omitting the space between "La" and "Plata" (something all-the-more stunning given that the State Court Order was issued by a court sitting in La Plata, Maryland). The State Court Order uses the verbiage of rescission in connection with a real estate purchase contract but then uses the alternate verbiage of "stricken," "null," and "void" in connection with the deed that stemmed from consummation of that purchase contract. The State Court Order goes on to separately order the Defendants "reinstated as the owners of [the Property]," even though such ends are seeming accomplished by the foregoing striking, nullifying, and voiding of the deed that caused the Defendants to originally cease being the owners of the Property.  The State Court Order then goes on to order the Property "deeded to [the Defendants]," even though such is yet another apparent

redundancy to the original disposition of the Property being stricken, nullified, and voided, and a further redundancy to the Defendants being "reinstated as the owners of [the Property]." And the State Court Order somehow does all of this despite not ordering a return of the Debtor's monies paid toward the Property, as is required under the doctrine of recission.

Fortunately, however, the Debtor agrees with the Defendants: under the precedent established by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U. S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U. S. 462 (1983) (the "*Rooker-Feldman* doctrine"), this Honorable Court is not permitted to review the State Court Order on the merits. Nor is it the province of counsel in this case to defend the merits, *vel non*, of that judicial decree. And both this Honorable Court and counsel are thusly relieved of the intellectual rot that invariably flows from endeavoring to animate with legal sensibility an order teeming with typographical slop, incoherent redundancies, and all the markings of hurried imprecision.

The operative inquiry, thankfully, is focused solely on the monetary obligation that invited entry of that order and the net cognizable impact of that order's entry. The State Court Order exists because Swain Landing owed an antecedent debt to the Defendants. The result of the State Court Order is that the antecedent debt has been satisfied by a deprivation of the Debtor's interest in real estate. And the State Court Order—no matter how fallibly, incoherently, and enigmatically worded—may be thusly understood to constitute a preference avoidable under section 547 of the Bankruptcy Code.

Critically, the complaint in this case (the "Complaint"), DE #1, seeks to "avoid the Final Order," not any one component thereof. *See* Complaint, DE #1, at p. 6 (ad damnum clause). The Debtor is asking this Honorable Court to recognize the State Court Order—notwithstanding all of the document's gnarly tensions and incongruities—to be the instrument through which an

3

antecedent debt was transmuted into a transfer of Swain Landing's interest in the Property, and to accordingly avoid the State Court Order—*en toto* (potentially saving and excepting one clause, as discussed *infra*)—as a preference within the ambit of section 547 of the Bankruptcy Code.

## II.     The State Court Order is Not Severable

As noted *supra*, the Debtor seeks—in the Complaint—to avoid the entirety of the State Court Order. And while some of the infirmities with that underlying order were assuredly not of front-of-mind awareness until raised by this Honorable Court, the merit of avoiding the whole of the order, and not just one or two line items therein, is only amplified by the issues raised at the hearing on the Motion.

In the prism of both avoidance judgments and appellate decisions, governing law instructs that a court may avoid (or overturn) part—or the whole—of a court order. This is most prominently displayed in the avoidance context where divorce judgments are challenged in bankruptcy proceedings; there does not appear to be any precedent suggesting a bankruptcy court should ever overturn the dissolution of a marriage, but there is ample precedent showing a bankruptcy court may keep a divorce intact whilst unwinding the correlative division of marital assets (or, in certain western states, community property). *See, e.g.*, *Dobin v. Hill (In re Hill)*, 342 B.R. 183, 196 (Bankr. D.N.J. 2006) ("Although the divorce may be valid, the same may not hold true for the division of marital property."); *Chorches v. Xin Chen (In re Xiao)*, 608 B.R. 126, 158 (Bankr. D. Conn. 2019) ("The division of marital assets during a divorce is a transfer of property and may be successfully challenged by a trustee as a fraudulent transfer under 11 U.S.C. § 548 or under 11 U.S.C. § 727(a)(2).") (citing *Hill*, 342 B.R. at 196; *Rogers v. Boba (In re Boba)*, 280 B.R. 430, 434-35 (Bankr. N.D. Ill. 2002)); *Citibank, N.A. v. Williams (In re Williams)*, 159 B.R. 648, 664 (Bankr. D.R.I. 1993) (avoiding transfers made pursuant to a divorce); *In re Mayer*, 451 B.R. 702, 710 (E.D.

Mich. 2011) ("In the underlying adversary action, Mayer seeks to avoid, as preferential transfers, 11 U.S.C. § 547(b), the liens that the divorce court granted in favor of the Creditors."). Indeed, as noted in the procedural summary of a case from a neighboring judicial district:

> Roy M. Terry, Jr. was appointed interim Chapter 7 Trustee and continues to serve as the Trustee in this case.  By letter dated January 16, 2008, the Trustee notified Prunty of the commencement of the Debtor's bankruptcy case and advised Prunty that the transfers of the Properties pursuant to the Final Decree of Divorce were avoidable under Chapter 5 of the Bankruptcy Code.

*Prunty v. Terry (In re Paschall)*, 2011 Bankr. LEXIS 4548, at *6 (Bankr. E.D. Va. Nov. 15, 2011) (Huennekens, J.) (citing 11 U.S.C § 702(d)).

Similarly, in the analogous context of appellate review (and, for the avoidance of doubt, the Debtor is assuredly *not* asking this Honorable Court to sit in appellate review of a Maryland state court), courts are empowered to overturn part—or all—of a given judgment. *See, e.g.*, Md. Rule 8-604(b) ("If the Court concludes that error affects a severable part of the action, the Court, as to that severable part, may reverse or modify the judgment or remand the action to a lower court for further proceedings and, as to the other parts, affirm the judgment."); *Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140, 143 (1934) (establishing precedent under which the appealable portion of a trial court's order may be reviewed, even where certain portions of the same order are non-appealable by operation of statutory law); *Nutter v. Monongahela Power Co.*, 4 F.3d 319, 321 (4th Cir. 1993) ("Under *City of Waco*, where portions of a remand order are 'in logic and in fact' severable from the court's determinations regarding remand, we may review the severable portions of the order on appeal.").

In fact, courts will sometimes—albeit not terrifically often—make express, in multi-prong orders, whether or not the independent provisions thereof are to be regarded as severable from one another. *See, e.g.*, *New Indus. v. Byman (In re Sneed Shipbuilding, Inc.)*, 914 F.3d 1000, 1002 (5th Cir. 2019) ("The bankruptcy court approved the settlement and sale in a single order, finding its

5

provisions 'non-severable and mutually dependent.'"); *In re iVEDiX, Inc.*, 2022 Bankr. LEXIS 2682, at *17 (Bankr. W.D.N.Y. Sep. 28, 2022) ("Each provision of this Confirmation Order is non-severable and mutually dependent on each other term of this Confirmation Order and the Plan."); *Poole v. Eichholz Law Firm, P.C. (In re Vioxx Prods. Liab. Litig.)*, 2013 U.S. Dist. LEXIS 134362, at *30-31 (E.D. La. Aug. 27, 2013) ("Notwithstanding anything herein to the contrary, this Final Order and Judgment shall be entirely severable from, and not subject to appeal on the basis of, any award of attorneys' fees and expenses or costs to be made to Settlement Class Counsel and any such award of attorneys' fees and expenses or costs shall have no effect on the finality or effectiveness of this Final Order and Judgment.").

Here, of course, the State Court Judgment does not recite whether or not the provisions thereof are to be regarded as severable. And while it is clear that the various clauses would have been severable on appeal, *see* Md. Rule 8-604(b), such is not a dispositive determination of how those clauses are to be treated in the context of an avoidance action. After all, the Debtor and the Defendants assuredly agree that this Honorable Court is *not* sitting as an appellate court.

Section 547 allows only the avoidance of "any transfer of an interest of the debtor in property." 11 U.S.C. § 547. And, as Judge Huennekens has made clear, ". . . it is well established that the avoidance and recovery of a preferential transfer does not revive the entire underlying contract or agreement." *Prunty*, 2011 Bankr. LEXIS 4548, at *27. So, understanding the relevant statute and case law—both in the avoidance context and otherwise—to favor the avoidance of the smallest necessary portion of an offending state court order, the question becomes the application of such here. Or, stated otherwise: If part of the State Court Order can be spared, whilst allowing section 547 to be operative, then part of the State Court Order should be spared. If not, the whole of the State Court Order ought to be avoided.

6

Upon examination, however, there is a clear necessity, *sub judice*, in avoiding the entirety of the State Court Order (possibly excepting the award of $3,000.00 in legal fees, which does not appear to have ever been reduced to a judgment and the award of which may be properly severable). Aside from that *de minimis* monetary award, the document contains one prefatory and four operative paragraphs. The first such operative paragraph rescinds the underlying agreement for the sale of the Property. The second paragraph strikes, nullifies, and voids the deed conveying the Property to the Debtor. The third paragraph reinstates the Defendants as the owners of the Property. And the final operative paragraph deeds the Property to the Defendants.

As noted *supra*, there is a slightly grotesque redundancy to the latter three paragraphs. "Deeding" the Property to the Defendants seems to serve the same ends as declaring the Defendants are "hereby reinstated as the owners" of the Property. And striking, nullifying, and voiding the deed that originally caused the Defendants to cease to be the owners of the Property is, too, facially redundant.

Those three redundant paragraphs are the portions of the State Court Order through which a "transfer of an interest of the debtor in property," 11 U.S.C. § 547, is effectuated. None of the three paragraphs can survive if the transfer is to be avoided. And there is thusly clarity that all three of those paragraphs are to be avoided collectively, so as to effectuate the dictates of section 547.

As to the other paragraph, in which the sales contract is rescinded: the Debtor would be delighted to see this paragraph remain, and not be subject to avoidance, but the Debtor cannot advocate for such in good faith. The impact of retaining the portion of the State Court Order that rescinds the sales contract, while avoiding the portions of the State Court Order that convey the Property, would be to leave the Defendants without any contractual basis upon which to base a

claim against Swain Landing's estate. Such is neither equitable nor sensible. While the size and nature of that claim may well be subject to future litigation, the right to such a claim has never been disputed and the Debtor will not urge otherwise now. Plainly, no matter the test utilized, the paragraph rescinding the sales contract is not severable from the three redundant paragraphs effectuating a change of ownership of the Property.

As for the one other operative paragraph of the State Court Order: the Debtor takes no position on the avoidance of the award of $3,000.00 in legal fees. The claims bar date in the Debtor's bankruptcy has long-since passed, and no claim for these fees was filed. *See* Claims Register, Case No. 25-184-ELG (Bankr. D.D.C. 2025), *passim*. These fees are accordingly not an allowed claim against the Debtor's estate, and a determination of their avoidability, *vel non*, may well be accordingly moot. But if the Defendants wish to urge this lone portion of the State Court Order to be severable, the Debtor will assuredly not expend resources urging otherwise.

### III.     There Was an Antecedent Debt

The other issue for which supplemental briefing has been invited is the existence of an antecedent debt. Such is, of course, elemental to the finding of a preferential transfer. *See* 11 U.S.C. § 547(b)(2). Yet the Debtor believes resolution of this inquiry to be far simpler.

The verbiage of section 547 provides, in relevant part, that an antecedent debt is only relevant if it is one "owed by the debtor before such transfer was made." *Id.* So, for purposes of establishing the existence of an antecedent debt, the question is not whether one remains *after* the State Court Order was entered but, rather, whether or not one was extant *before* the State Court Order was entered.

As established in earlier briefing, there does not exist any genuine dispute but that Swain Landing owed the Defendants more than $1,000,000.00 prior to entry of the State Court Order. As

8

also established in prior briefing, the State Court Order could not lawfully have been entered *but for* the existence of that antecedent debt—an entitlement to rescission would not arise in connection with a fully performing contract (whether in the form of a sales agreement, a promissory note, or otherwise). And the Bankruptcy Code accordingly furnishes sufficient clarity that any nullification of the antecedent debt in the State Court Order is immaterial to assessment of whether or not a preferential conveyance has occurred (just as would be the nullification of an "ordinary" antecedent debt through a debtor's pre-petition payment of the subject debt in full, thereby retiring the correlative obligation).

### IV.    Conclusion

WHEREFORE, Swain Landing respectfully prays this Honorable Court (i) deny the Motion; (ii) enter judgment for Swain Landing, and against the Swains, on the claim for avoidance of a preference under section 547 of the Bankruptcy Code, pursuant to Federal Rule of Civil procedure 56(f); (iii) upon granting judgment for the Debtor on the preference claim—and only upon granting such judgment—dismiss Count II of the complaint as no longer furnishing a justiciable case or controversy; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

9

Respectfully submitted,

Dated: April 1, 2026              By:    /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      Bar No. MD18071
                                      The Belmont Firm
                                      1050 Connecticut Avenue, NW
                                      Suite 500
                                      Washington, DC 20036
                                      Phone: (202) 991-1101
                                      mac@dcbankruptcy.com
                                      *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

                                      /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig

10