Craig M. Palik, Esq. (Fed Bar No. 15258)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **SWAIN LANDING LAPLATA JC, LLC,** | * | **Case No.  25-184 ELG** |
| | * | |
| **Debtor.** | * | **(Chapter 11)** |
| | * | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | |
| **SWAIN LANDING LAPLATA JC, LLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Adversary No.  18-00173 MMH** |
| | * | |
| **CATHERINE SWAIN** | * | |
| | * | |
| **AND** | * | |
| | * | |
| **PERCY SWAIN** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| *   *   *   *   *   *   *   * | *   *   *   *   * | |

**DEFENDANTS' CATHERINE SWAIN AND PERCY SWAINS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Catherine Swain and Percy Swain ("Defendants" or the "Swains") by and

through undersigned counsel, relative to their Motion for Summary Judgment as to the Adversary

Complaint filed by Swain Landing LaPlata JC, LLC ("Plaintiff" or "Debtor") (the "Complaint")

and provides the following Supplemental Memorandum in Support of Motion for Summary

Judgment focused on the elements of 11 U.S.C. §547(b) and the equitable remedy of rescission under Marland state law as requested by the Court.

## I.   APPLICABLE LAW

### A.  11 U.S.C §547

11 U.S.C. §547 provides in pertinent part:

(b)     Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—

   (1)     to or for the benefit of a creditor;

   (2)     for or on account of an antecedent debt owed by the debtor before such transfer was made;

   (3)     made while the debtor was insolvent;

   (4)     made—

      (A) on or within 90 days before the date of the filing of the petition; or

      (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

   (5)     that enables such creditor to receive more than such creditor would receive if—

      (A) the case were a case under chapter 7 of this title;

      (B) the transfer had not been made; and

      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

### B.  Bankruptcy Code Definition of Transfer under 11 U.S.C. § 101 (54)

11 U.S.C. § 101 (54) provides:

   The term "transfer" means—

   (A)     the creation of a lien;

   (B)     the retention of title as a security interest;

   (C)     the foreclosure of a debtor's equity of redemption; or

   (D)     each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—

      (i)     property; or

      (ii)     an interest in property.

### C. Equitable Rescission under Maryland Law

It is well-settled in Maryland that rescission is a purely equitable remedy. *Mattingly v. Mattingly*, 92 Md. App. 248, 258, 607 A.2d 575, 580 (1992) citing *Creamer v. Helferstay,* 294 Md. 107, 114, 448 A.2d 332 (1982) ("It is beyond dispute that the authority of a court to rescind or cancel a contract is purely equitable"). Rescission is permitted under Maryland law when the act failed to be performed goes to the root of the contract or renders the performance of the rest of the contract a thing different in substance than what was initially contracted. *Tate v. American General Life Insurance Company*, 627 F. Supp. 3d 480 (D. Md. 2022). The rescission of a contract is the abrogation or unmaking of the agreement in its entirety. *Ryan v. Brady*, 34 Md. App. 41, 366 A.2d 745 (1976). Rescission of an agreement returns the parties to an agreement to the *status quo*. *Dialist Co. v. Pulford*, 42 Md. App. 173, 399 A.2d 1374 (1979). Rescission of a contract is to abrogate it *ab initio. Id.* As stated in *Avramidis v. Theo*, No. 1186, Sept. term, 2020, 2022 WL 730287, at *11 (Md. Ct. Spec. App. Mar. 11, 2022):

> "[R]escission is permitted when 'the act failed to be performed [goes] to the root of the contract or ... render[s] the performance of the rest of the contract a thing different in substance from that which was contracted for.' " *Maslow v. Vanguri*, 168 Md. App. 298, 324 (2006) (quoting Traylor v. Grafton, 273 Md. 649, 687 (1975)). A party seeking to rescind a contract on grounds of mistake, fraud, misrepresentation, duress, or undue influence must restore the status quo either by returning or by offering to return what it has received under the contract. *See Wash. Homes, Inc. v. Interstate Land Dev. Co.*, 281 Md. 712 (1978); see also Merritt, 130 Md. App. at 366 (stating that a rescission "relieve[s] ... all obligations under the contract" and results in "[t]he restoration of the parties to their original position"); "Rescission," Black's Law Dictionary (11th ed. 2019) (stating that rescission generally "is accompanied by restitution of any partial performance, thus restoring the parties to their precontractual positions").

Contracts that are void *ab initio* are not legally recognizable. *Pease v. Wachovia SBA Lending, Inc.*, 416 Md. 211, 236, 6 A.3d 867, 882 (2010). The Maryland Supreme Court in

*Western Maryland R. Co. v. Blue Ridge Hotel Co.,* 102 Md. 307, 331, 62 A. 351, 355 (1905), articulates that a contract that is void *ab initio*, "will not be enforced by any species of action in a Court of Justice; ... it cannot be made good by ratification, or by any succession of renewals, and no performance on either side, can give validity to the unlawful contract, or form the foundation of any right of action upon it"

## II.    ARGUMENT

**Plaintiff's Count I for Avoidable Preference (11 U.S.C. §547) fails to meet the statutory elements because the contract under which the Debtor purported was rescinded and of no legal effect – it was void *ab initio*.**

The dispositive issue here revolves on whether there ever was a transfer in the first instance, and whether it was on account of an antecedent debt in the second.   The "transfer" of the Property was not made to or for the benefit of a creditor *for or on account of an antecedent debt owed by the debtor before such transfer was made* as is required by 11 U.S.C. §547(b)(2), but pursuant to an equitable cause of action seeking rescission of the sales contract that was ordered by the State Court.   The operative provision of the State Court Order, is the first paragraph:

> **ORDERED**, that the parties' January 7, 2022[1] agreement for the purchase of land situated in Charles County, Maryland at 10524 LaPlata Road, LaPlata, Maryland 20646, is hereby rescinded; and it is further

The balance of the State Court Order, superfluously, spells out the legal consequence that flows from  rescission of the sales contract relative to the case. As cited under Maryland law *supra*, the rescission of a contract is to abrogate it *ab initio*. *Id.*  As such, an order awarding rescission of the sales contract was not based  not upon any consideration of an existing antecedent debt, but as a result of an act failed to be performed that goes to the root of the contract or renders the performance of the rest of the contract a thing different in substance than what was initially

---

[1] The Purchase and Sale Agreement was initially dated October 4, 2021, and thereafter amended.

contracted, rendering it void *ab initio*. It is therefore, wholly independent of the existence of a debtor-creditor relationship, but a rather determination made under Maryland State law that there was never a sales contract to convey the title to the Debtor from the outset. The purported "transfer" never occurred in the first instance because there was never a legal entitlement granted to the Debtor as the sales contract was not legally recognizable.  Similarly, no debt arose from under the sales contract from the outset because the contract never existed as a legally recognizable contract, void *ab initio*.  The requirement for establishing a preference of a  transfer on account of an antecedent debt are not met.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff cannot sustain its claims against Defendants under 11 U.S.C. §547(b). Summary Judgment on the Plaintiff's Complaint should properly be granted in favor of Catherine and Percy Swain.

Date: April 1, 2026                         Respectfully submitted,

McNamee, Hosea, P.A.

/s/ Craig M.  Palik
Craig M. Palik, Esq.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
*Counsel to Catherine Swain and Percy Swain,*
*Defendants*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April 2026, a copy of the foregoing Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment was served on all registered to receive notices in this case electronically via this Court's CM/ECF system and via otherwise first class mail, postage pre-paid to:

Maurice B. VerStandig, Esq.
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
mac@dcbankruptcy.com
*Debtor's Counsel*

/s/ Craig M.  Palik
Craig M. Palik, Esq.